OPINION
{¶ 1} This is an appeal from the decisions emanating from Stark County Common Pleas Court, Family Court Division.
 STATEMENT OF FACTS {¶ 2} The facts underlying this appeal are that in the decree of dissolution of the marriage of the Appellant and Appellee of June 5, 2001, the shared parenting plan of such parties relative to their daughter, Hannah Lauren Kraft, was approved.
 {¶ 3} Such plan was amended on November 1, 2001.
 {¶ 4} A complaint for change of custody was filed by Appellant on August 8, 2002. A Magistrate's hearing began on November 15, 2002 on such motion. It was recessed prior to completion with the child being referred to Northeastern Ohio Psychological Associates for a sexual abuse evaluation.
 {¶ 5} On February 5, 2003, the Court sua sponte dismissed the motion without further presentation of evidence and ordered that neither party could file additional litigation as to parental rights without consent of the guardian ad litem.
 ASSIGNMENTS OF ERROR {¶ 6} Two Assignments of Error are raised:
 {¶ 7} "FIRST ASSIGNMENT OF ERROR:
 {¶ 8} "THE TRIAL COURT ERRED IN ITS ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES BY FAILING TO COMPLY WITH THE REQUIREMENTS SET FORTH IN R.C. 3109.04 AND BY FAILING TO PROVIDE THE REQUIRED FINDINGS OF FACT. ADDITIONALLY, THE TRIAL COURT'S DECISION WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 9} "SECOND ASSIGNMENT OF ERROR:
 {¶ 10} "THE TRIAL COURT'S ORDER THAT NEITHER PARTY MAY FILE ADDITIONAL LITIGATION VIOLATES THE DUE-COURSE-OF-LAW AND ACCESS-TO-COURTS PROVISIONS OF THE OHIO CONSTITUTION."
 II. {¶ 11} We shall address the Second Assignment initially as it directly bears on our ability to review the First Assignment.
 {¶ 12} Section 16, Article I of the Ohio Constitution provides in relevant part:
 {¶ 13} "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."
 {¶ 14} "The decisions of this court have interpreted this provision of the Bill of Rights to Ohio's Constitution as providing two distinct guarantees:
 {¶ 15} "(1) that legislative enactments may abridge individual rights only `by due course of law,' Mominee v. Scherbarth (1986),28 Ohio St.3d 270, 274-276, 28 OBR 346, 349-351, 503 N.E.2d 717,720-722; Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54, 59,514 N.E.2d 709, 715, a guarantee which is equivalent to that of the Due Process Clause of the Fourteenth Amendment, Direct Plumbing Supply Co.
v. Dayton (1941), 138 Ohio St. 540, 544, 21 O.O. 422, 424, 38 N.E.2d 70,72; accord Hartford Fire Ins. Co., supra, at 1367; see, also, Benjamin
v. Columbus (1957), 167 Ohio St. 103, 4 O.O.2d 113, 146 N.E.2d 854, paragraph five of the syllabus; and
 {¶ 16} "(2) that all courts shall be open to every person with a right to a remedy for injury to his person, property or reputation, with the opportunity for such remedy being granted at a meaningful time and in a meaningful manner. Hardy, supra, at 47, 512 N.E.2d at 628; Gaines,
supra, at 60, 514 N.E.2d at 716. Appellant challenges R.C. 2305.131 on both grounds."
 {¶ 17} Clearly, we must sustain the Second Assignment as the order issued by Judge Stucki violated such Constitutional provision, regardless of the intent of the Judge in issuing such order.
 {¶ 18} We are unable to address the First Assignment of Error as the court by dismissal sua sponte of Appellant's pending motion without the opportunity of any desired presentation of further evidence contravened both the open court's provision of the Ohio Constitution and also eliminated the contemplation of the completion of evidence as indicated by the Magistrate when the hearing of November 15, 2002, was recessed "until February 5, 2003, at 9:00 a.m. for a full day session".
 {¶ 19} While both Appellant and Appellee have drawn conclusions as to the court's finding relative to a change in circumstances, factors required by R.C. 3109.04, termination and/or modification of the prior shared parenting agreement, we are unable to discern such from the record. Of course, we do not have the benefit of the in chambers discussions referenced.
 {¶ 20} Therefore, the order of the court in discussing the pending motion is vacated and this cause is remanded for completion of any intended presentation for evidence thereon.
By: Boggins, J., Hoffman, P.J. and Farmer, J. concur.