OPINION *Page 2 
{¶ 1} Appellant Summer Regan appeals from a post-decree child custody decision in the Stark County Court of Common Pleas, Domestic Relations Division. Appellee Nathan Kraft is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married in June 1998. One child, Hannah, was born of the parties' marriage in 1999. In May 2001, the parties filed a petition for dissolution of marriage. On June 22, 2001, the trial court granted a dissolution decree, incorporating a shared parenting plan. On November 1, 2001, the court approved an agreed judgment entry with an amended parenting plan.
 {¶ 3} On August 8, 2002, appellant filed a motion seeking residential parent status and legal custody of Hannah. A magistrate's hearing began on November 15, 2002, but was recessed prior to completion in order to obtain a sexual abuse evaluation at Northeastern Ohio Psychological Associates.
 {¶ 4} On February 5, 2003, the trial court granted custody to appellant, but ordered that neither party could file additional litigation as to parental rights without consent of the guardian ad litem. Appellee appealed, and this Court subsequently ordered the cause remanded for completion of any intended presentation of evidence. SeeKraft v. Regan, Stark App. No. 2003-CA-00074, 2003-Ohio-5632 (decided October 20, 2003).
 {¶ 5} On August 14, 2003, while the aforesaid appeal was pending, appellee moved the trial court for an immediate review hearing. On September 2, 2003, as a result of said motion, the trial court ordered the matter referred to the Stark County *Page 3 
Department of Job and Family Services for a dependency, neglect, and abuse investigation.
 {¶ 6} On November 24, 2003, following a pretrial conference upon appellate remand from this Court, the trial court issued the following orders:
 {¶ 7} "Upon the GAL's recommendation, Custody of Hannah is awarded to the father on an INTERIM basis pending full proceedings regarding the allocation of parental rights and responsibilities. The child shall be immediately delivered to the father and the mother shall have no contact other than as specifically recommended by this GAL and/or further court orders made in this case or in any appropriate Juvenile matter which may be brought by the SCDJFS. Both parties shall contact Dr. Bello forthwith to update the psychological on all appropriate parties, which shall be paid for in equal shares by both parties.
 {¶ 8} "PT to be held on 2/19/04 @ 1:30 P.M." Judgment Entry at 1.
 {¶ 9} On June 9, 2004, the parties appeared before a magistrate and read an agreed entry into the record. On July 1, 2004, the trial court issued a judgment entry which approved a new shared parenting plan regarding Hannah, which granted residential parent status to appellee, with appellant essentially receiving a standard visitation schedule, with some additional overnight visitation.
 {¶ 10} On November 4, 2004, appellant filed a "motion to modify." On July 21, 2005, appellant filed an "amended motion for change of custody," citing concerns that appellee's visitation with his children from another marriage had been terminated. The matter ultimately proceeded to an evidentiary hearing before a magistrate on June 21, 2006. On August 22, 2006, the magistrate issued an eight-page decision awarding *Page 4 
custody of Hannah to appellee, with standard visitation to appellant. Notably, the magistrate specifically found no likelihood that appellee presented any risk of sexual abuse to the child. Decision at 6. Appellant timely filed an objection to the custody decision of the magistrate. The trial court reviewed the matter and on November 22, 2006, following a hearing, issued a judgment entry overruling the objection and adopting the decision of the magistrate.
 {¶ 11} On December 1, 2006, appellant filed a notice of appeal. She herein raises the following two Assignments of Error:
 {¶ 12} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING CUSTODY TO [APPELLEE] KRAFT BECAUSE THE BEST INTEREST FACTORS OVERWHELMINGLY FAVORED [APPELLANT] REGAN.
 {¶ 13} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN TERMINATING A SHARED PARENTING PLAN WITHOUT DETERMINING THAT THERE HAD BEEN A CHANGE IN CIRCUMSTANCES."
 I. {¶ 14} In her First Assignment of Error, appellant contends the trial court abused its discretion in concluding an award of custody to appellee would be in Hannah's best interest. We disagree.
 {¶ 15} Parental rights and responsibilities are to be allocated based upon the paramount consideration of the best interest of the child.Trent v. Trent (May 10, 1999), Preble App. No. CA 98-09-014. Our review of a trial court's decision allocating parental rights and responsibilities is under an abuse of discretion standard. Miller v.Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. *Page 5 
 {¶ 16} R.C. 3109.04(F) provides factors to be considered in making the best interest determination:
 {¶ 17} "In determining the best interest of a child pursuant to this section, * * *, the court shall consider all relevant factors, including, but not limited to: (a) The wishes of the child's parents regarding the child's care; (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court; (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest; (d) The child's adjustment to the child's home, school, and community; (e) The mental and physical health of all persons involved in the situation; (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights; (g) Whether either parent has failed to make all child support payments * * * (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court; (j) Whether either parent has established a residence, or is planning to establish a residence, outside this State."
 {¶ 18} In the case sub judice, appellant seeks to portray the custody decision as the court approving a magistrate decision which ignored three professional opinions favoring appellant as the preferable custodial parent. She first points out that the guardian ad litem, Attorney Susan Burns, recommended custody be awarded to appellant, and that appellee receive visitation on a "phased-in" basis. Appellant *Page 6 
secondly notes that the court-appointed psychologist, Dr. Lynn Luna, recommended that appellee should continue counseling "to decrease his depressive symptoms and to modify his narcissistic personality traits to (sic) interfere with his ability to make appropriate decisions with regard to parenting Hannah." See Tr. at 39. Third, appellant maintains that Hannah's counselor, Dr. Lori Brisbain-Shepler, preferred to simply maintain appellee's supervised visitation with the child. See Tr. at 8.
 {¶ 19} Appellant's portrayal of the case in this manner is nonetheless incomplete. The only testifying professional at the June 21, 2006, magistrate's hearing was the guardian ad litem; the recommendations of Dr. Luna and Dr. Brisbain-Shepler were brought out in her testimony and via written reports, and were thus not subject to full cross-examination. Even so, Dr. Luna had noted problems withboth parents, including appellant's tendencies to rule-infractions and impulsive behavior, with a long history of unstable relationships. Magistrate's Decision at 4. Furthermore, appellant's own testimony was heard by the magistrate, including information that Hannah's after-school care was in the hands of two twelve-year-old cousins, despite an available latchkey program.[1] Tr. at 26.
 {¶ 20} "In addressing such formidable decisions in the family law arena, we frequently emphasize that in proceedings involving the custody and welfare of children, the power of the trial court to exercise discretion is peculiarly important." Lyall v. Lyall, Muskingum App . No. CT2003-0044, 2004-Ohio-1565, jj 38, citing Thompson v. Thompson (1987),31 Ohio App.3d 254, 258, 511 N.E.2d 412, and Trickey v. Trickey (1952),158 Ohio St. 9, 13, 106 N.E.2d 772. Furthermore, the trier of fact is in a far *Page 7 
better position to observe the witnesses' demeanor and weigh their credibility. Id., citing State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212. In the case sub judice, litigation over care and custody of this child has gone on almost continuously for more than five years, including additional filings while this appeal has been pending. The magistrate hearing the matter on June 21, 2006 noted that the matter had been in his courtroom alone five times. Tr. at 57. The guardian ad litem has understandably been compelled over the course of this difficult case to change recommendations. The magistrate summarized that following the parties' divorce, Hannah resided first with appellant, then with appellee, then with both parties, then with appellant until the judgment entry now under appeal. Magistrate's Decision at 6.
 {¶ 21} Accordingly, we are unable upon review to find an abuse of discretion in the trial court's custody decision. Appellant's First Assignment of Error is overruled.
 II. {¶ 22} In her Second Assignment of Error, contends the trial court improperly terminated shared parenting absent a showing of change in circumstances.
 {¶ 23} Appellant maintains that in Oliver v. Arras, Tuscarawas App. No. 2001 AP 11 0105, 2002-Ohio-1590, this Court held that R.C.3109.04(E)(2)(c) is subordinate to the general "change of circumstances" provision of R.C. 3109.04(E)(1)(a), and both must be considered to terminate a shared parenting plan. However, appellant's written objection does not raise this argument. Civ.R. 53(D)(3)(b)(iv) provides that "* * * a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion * * *." See, e.g.,Stamatakis v. Robinson (January 27, 1997), Stark App. No. 1996CA00303. *Page 8 
 {¶ 24} Nonetheless, in the interest of justice, even if we review this matter under a plain error standard, the judgment entry under appeal essentially reiterates the status quo of the agreed 2004 shared parenting plan, in which appellee was designated the residential parent for school purposes. Under the circumstances of this case, we find no reversible error as to the non-applicability of R.C. 3109.04(E)(1)(a).
 {¶ 25} Appellant's Second Assignment of Error is overruled.
 {¶ 26} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
 Wise, J. Farmer, P. J., and Edwards, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
Costs assessed to Appellant.
[1] Appellant testified that her fiancé or sister generally supervised this care arrangement. *Page 1